UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PEDRO BONILLA-ALVARADO,

              Petitioner,

v.

KEVIN RAYCRAFT et al.,

              Respondents.

_____/

Case No. 1:26-cv-1468

Honorable Paul L. Maloney

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice

## **Discussion**

### I.     **Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.17.) In an order entered on May 5, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on May 8, 2026, (ECF No. 6.)

## II.    Factual Background

Petitioner is a native and citizen of El Salvador. (2026 Form I-213, ECF No. 6-1, PageID.73–74.) He entered the United States in 1998 without inspection and has remained here since that time. (*Id.*; Pet., ECF No. 1, PageID.7.) On December 8, 2008, Petitioner filed an application for Temporary Protected Status, which was denied on May 5, 2009. (2026 Form I-213, ECF No. 6-1, PageID.75.)

On December 18, 2025, the Annandale Immigration Court conducted a removal hearing in Petitioner's immigration case after Petitioner "fail[ed] to attend several court hearings and after [Petitioner was] previously served a Notice to Appear." (*Id.*; Immigration Judge Order, ECF No. 6-2, PageID.78–79.) While Respondent was provided written notification of the time, date, and location of the removal hearing, Respondent did not appear for the hearing and, therefore, the hearing was held *in absentia* pursuant to § 240(b)(5)(A) of the Immigration and Nationality Act (INA). (*Id.*, PageID.78.) At the conclusion of the hearing, the immigration judge ordered Petitioner removed to El Salvador. (*Id.*, PageID.79.) Because the hearing was held *in absentia*, Petitioner did not reserve the right to appeal, and the removal order became final that day.[1]

On or about March 17, 2026, Petitioner was arrested by ICE agents. (2026 Form I-213, ECF No. 6-1, PageID.74.)[2]

---

[1] For the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals (BIA) affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

[2] The Form I-213 completed following Petitioner's 2026 encounter with ICE and arrest describes an arrest date of "April 3, 2026;" however, the I-213 narrative describing that arrest is date and time stamped as created "03/17/2026 11:59 AM." (2026 Form I-213, ECF No. 6-1, PageID.74.) Because the narrative could not have been created prior to the events described, the Court presumes that the April 3, 2026, date is an error. However, even if he narrative should be dated on or around April 3, 2026, that fact does not alter the Court's analysis.

### III.   Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.   Merits Discussion

Petitioner contends that he is being improperly subjected to mandatory detention with the opportunity for bond. Respondents counter Petitioner's arguments by arguing that Petitioner is subject to detention under 8 U.S.C. § 1231(a).

Given that Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final on December 18, 2025. The 90-day removal period following the order expired before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that

3

there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id. Id.*[3] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Petitioner has been detained less than six months. "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

In this case, Petitioner has not offered any evidence or argument to prove that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

---

[3] The Court notes that the Supreme Court has held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

Accordingly, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**V.        Other Claims and Other Forms of Relief**

Because the Court will deny Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    May 19, 2026                              /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge